UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LAWSON SEAN ALEXANDER, :
 : CIVIL ACTION NO. 3:12-CV-159
 Petitioner :
 : (Judge Nealon) **FILED**
 v. : (Magistrate Judge Carlson) **SCRANTON**
 :
ERIC HOLDER, et al., : APR 0 5 2012
 :
 Respondents : M____ S. D'ANDREA, **CLERK**
  _____
  DEPUTY CLERK

## MEMORANDUM

On January 26, 2012, Petitioner, Lawson Sean Alexander, an inmate currently confined at

the Pike County Correctional Facility in Lords, Pennsylvania, filed this petition for writ of habeas

corpus. (Doc. 1). Respondent, Craig A. Lowe, the warden of the Pike County Correctional

Facility, filed a response on February 22, 2012. (Doc. 7). On March 8, 2012, Petitioner filed a

traverse. (Doc. 8). Magistrate Judge Martin C. Carlson filed a Report and Recommendation

(R&R) on March 8, 2012, recommending that the petition be denied without prejudice. (Doc. 9).

No objections have been filed to the R&R which is now ripe for disposition. For the reasons

stated below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the

district court is not statutorily required to review the report, under de novo or any other standard.

28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third

Circuit has held that it is better practice to afford some level of review to dispositive legal issues

raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484

U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating

"the district court need only review the record for plain error or manifest injustice"). In the

absence of objections, review may properly be limited to ascertaining whether there is clear error

that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or

public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998)

(Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings

and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

After review, this Court finds no error in the R&R. See (Doc. 9). Magistrate Judge

Carlson set forth the factual background of Petitioner's admittance to the United States, his

conviction and subsequent incarceration, his deportation procedural history, and his placement in

immigration custody pending deportation. (Doc. 9, pp. 2-5). The Magistrate Judge concluded

that this petition should be denied since Petitioner's "post-removal detention was specifically

authorized by statute and current post-removal detention, which was delayed in part by

Alexander himself, satisfies the due process standards announced by the United States Supreme

(sic) in Zadvydas v. Davis, 533 U.S. 678 (2001)." (Doc. 9, p. 6). The Magistrate Judge noted

that Petitioner's removal became final on July 11, 2011 and that Petitioner has been held for

approximately eight (8) months in post-removal detention but because Petitioner resisted

removal by legal challenges the time-period is much shorter: between three (3) and five (5)

months. (Doc. 9, p. 6). Magistrate Judge Carlson cited 8 U.S.C. § 1231(a) which directs the

Attorney General to remove aliens within ninety (90) days of the entry of a removal order and

holds that an alien found deportable under the section under which Petitioner was found

2

deportable shall not be released from custody under any circumstances. (Doc. 9, p. 7). The Magistrate Judge concluded that Petitioner has not made a valid claim that he has been subjected to an unconstitutionally excessive period of post-removal confinement because the delay is partly due to Petitioner's reluctance to fully cooperate with immigration authorities and the period of incarceration falls within periods sanctioned by statute and by the Supreme Court. (Doc. 9, p. 13). Further, Magistrate Judge Carlson determined that Petitioner has not provided "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (Doc. 9, p. 13) citing Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002).

After an independent examination, it is determined that Magistrate Judge Carlson's recommendations are legally sound and his factual determinations are based on the evidence of record and, therefore, the R&R will be adopted. The Undersigned agrees that Petitioner has not met his burden of showing that he has been detained for an unreasonable duration and that he will not be removed in the foreseeable future. Finding no clear error in the Magistrate Judge's R&R, it will be adopted.

**Conclusion**

After review, this Court will adopt the R&R. The petition will be dismissed without prejudice. A separate Order will be issued.

Date: April 4, 2012                          **United States District Judge**